# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEON L. SPIVEY,

    Plaintiff,

    v.                                                   Case No. 06-C-585

SHERIFF DAVID A. CLARKE, JR.,
MICHAEL GAREBNER, and
MILWAUKEE COUNTY,

    Defendants.

## ORDER

    Plaintiff Deon L. Spivey, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's motion for leave to proceed in forma pauperis.

    The plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). In this case, the plaintiff has filed a certified copy of his prison trust account statement for the two-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $22.50.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must

simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

The plaintiff was detained at the Milwaukee County Jail ("Jail") at all times relevant. The defendants are: Milwaukee County Sheriff David A. Clarke, Health Director Michael Garebner, and Milwaukee County. For relief, the plaintiff seeks monetary damages based on the defendants' alleged deliberate indifference to his serious medical need.

According to the complaint, since 2000 the plaintiff has required dialysis treatment three times pers week because of his failing kidneys. On March 26, 2006, the plaintiff was incarcerated at the Jail at which time he informed health officials of his health status. An "outside physician" began conducting dialysis treatment on the plaintiff three times per week at the Jail. (Compl. at 2 ¶ 3.) On May 1, 2006, the plaintiff appeared for his treatment but the physician could not locate a suitable vein and therefore she informed Jail officials that the plaintiff needed to be taken immediately to the hospital for his dialysis treatment. Jail officials refused to take the plaintiff to the hospital for three days, causing him to miss two days of dialysis treatment. For those three days the plaintiff suffered from "excruciating pain in [his] body, loss of appetite, high blood pressure, blurred vision, extreme swelling in [his] face, neck, and body[.]" (Compl. at 2 ¶ 7.)

On May 3, 2006, the outside physician arrived to give the plaintiff medication, however the plaintiff could not take it because his throat was swollen to point where he could not swallow

3

anything. The plaintiff was then immediately rushed to the hospital where he remained for three days for treatment. The doctor at the hospital told the plaintiff that if he had not been brought in that day, he "would have died because of accumulated poison in [his] body as a direct result of [his] kidney's inability to process waste products[.]" (Compl. at 3 ¶ 9.) The plaintiff received two days of dialysis treatment to remove the toxic poison from his body. He was released from the hospital on May 6, 2006.

The plaintiff alleges:

> Sheriff David A. Clarke is responsible for the health care in place at the Jail. David A. Clarke and Health Director Garebner has an unwritten but strictly enforced policy of waiting up to 3 or more days before a[n] inmate may be seen by a nurse who in turn will refer an inmate to a nurse practitioner, who in turn would refer the inmate to the doctor and depending upon the outcome of his opinion the person requiring outside treatment may have to wait a[n] additional 3 or 4 days for serious medical treatment.

(Compl. at 3 ¶ 11.)

It is well-established that a pretrial detainee must be afforded certain protections under the Fourteenth Amendment, including access to adequate medical care. Jackson v. Ill. Medi-Car, Inc., 300 F.3d 760, 764 (7th Cir. 2002) (citations omitted). Due process rights are at least as great as the protections afforded a convicted prisoner under the Eighth Amendment. Id. Accordingly, when considering a pretrial detainee's claim of inadequate medical care, the analogous standards under the Eighth Amendment are often used. Id.

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Chapman v. Keltner,

4

241 F.3d 842, 845 (7th Cir. 2001); see also Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Zentmyer v. Kendall County, Ill., 220 F.3d 805, 810 (7th Cir. 2000).

The court finds that the plaintiff has alleged sufficient facts to support a claim that his constitutional rights were violated. He may proceed on a deliberate indifference to a serious medical need claim.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff or his designee shall collect from the plaintiff's Jail trust account the $327.50 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Milwaukee County Sheriff.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 12th day of June, 2006.

BY THE COURT:

s/AARON E. GOODSTEIN
United States Magistrate Judge