UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEON L. SPIVEY,
        Plaintiff,

v.                                  Case No. 06C585

SHERIFF DAVID A. CLARKE, JR.,
MICHAEL GAREBNER and
MILWAUKEE COUNTY,
        Defendants.

## ORDER

Plaintiff Deon L. Spivey filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. On June 12, 2006, United States Magistrate Judge Aaron E. Goodstein granted plaintiff's petition for leave to proceed in forma pauperis on a claim that the defendants were deliberately indifferent to plaintiff's serious medical need while he was detained at the Milwaukee County Jail. Due to non-consent to magistrate judge jurisdiction, this case was transferred to me on June 23, 2006. Although the plaintiff filed this case pro se, on November 13, 2006, Attorney Willie J. Nunnery filed a notice of appearance on his behalf.

On November 30, 2006, defendants filed a motion for summary judgment. The plaintiff did not file a response to the motion. Instead, on December 21, 2006, his attorney filed a motion to stay all proceedings, stating that the plaintiff has died and that he needs to file a substitution of parties and an amended complaint. Defendants oppose the motion to stay because Rule 62 does not provide a basis for such a stay in this case.

Federal Rule of Civil Procedure 25(a)(1) provides in relevant part:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased

party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

As such, it is clear that a stay would not be appropriate, though I find that a brief extension of time is in order. The notification of death was filed more than 90 days ago. However, under the circumstances, I will grant an additional 30 days for plaintiff's attorney to file a motion to substitute party and/or to amend the complaint. If no motion is filed with 30 days, this action will be dismissed. Further, I will deny without prejudice defendants's motion for summary judgment.

**For the foregoing reasons,**

IT IS ORDERED that defendants' motion for summary judgment is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion to stay is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff may file a motion to substitute party and/or motion to amend the complaint within 30 days of the date of this order. If no motion is filed within 30 days, this action will be dismissed.

Dated at Milwaukee, Wisconsin, this 14 day of May, 2007.

/s_____
LYNN ADELMAN
District Judge